**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

CLARENCE JONES,

Plaintiff,

v. Case No. 1:26-cv-91-LAG-AGH

STATE OF GEORGIA,
Judge VICTORIA DARRISAW,

Defendants.

**ORDER**

*Pro se* Plaintiff Clarence Jones, a prisoner at Wheeler Correctional Facility in Alamo, Georgia, filed a complaint utilizing the Court's standard form for prisoners proceeding under 42 U.S.C § 1983 (ECF No. 1). Plaintiff must now recast his complaint as instructed below.

**INITIAL REVIEW OF COMPLAINT**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." Here, Plaintiff complains about the criminal proceedings underlying his conviction. Compl. 4-5, ECF No. 1. Plaintiff's Complaint impermissibly seeks both monetary damages and release from prison. *Id.* at 5. Thus, it is unclear whether Plaintiff intends for his pleading to be a federal habeas corpus action under 28 U.S.C. § 2254, where release is a proper remedy, or whether he is alleging a civil rights violation under 42 U.S.C § 1983, where damages are a permissible remedy.

As a general rule, "[c]laims challenging the fact of conviction 'fall within the 'core' of habeas corpus,' while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983." *Smith v. Southwood*, 226 F. App'x 882, 882 (11th Cir. 2007) (internal citation omitted). "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal" and seeks release from prison or a shortened prison sentence. *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Conversely, when a prisoner seeks damages because a state actor "deprived [him] of a right secured by the Constitution or laws of the United States," then that cause of action is a § 1983 claim. *Focus on the Fam. v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1277 (11th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999)); *see also Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Release from prison is not an available remedy in a § 1983 action. *Preiser*, 411 U.S. at 489. Monetary damages are available in a § 1983 action but not in a habeas action. *Id*. at 493, 500.

Accordingly, if Plaintiff is challenging the fact or validity of his confinement and seeks release, he should file a § 2254 habeas petition. Plaintiff is advised, however, that prior to seeking federal habeas corpus relief, he must exhaust state remedies. 28 U.S.C. § 2254(b); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004), *overruled in part on other grounds, as recognized by Santiago-Lugo v. Warden,* 785 F.3d 467, 71-75 (11th Cir. 2015) (holding that exhaustion is required "in all habeas cases"). To exhaust, Plaintiff must fairly present every issue raised in the

federal habeas petition to the state's highest court, either on direct appeal or through other collateral means for review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Thus, Plaintiff is barred from receiving habeas relief in this Court until he has pursued review of his conviction in the appropriate state superior court and appellate court.

If Plaintiff instead seeks to complain about the events surrounding his arrest, conviction, and/or the conditions of his confinement, he should recast his complaint on the Court's standard § 1983 form. As stated above, release from prison is not a remedy available in a § 1983 action. Plaintiff is further advised that this Court may be barred from considering a § 1983 claim alleging that the criminal proceedings underlying his present imprisonment were somehow wrongful. The United States Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486-487. Thus, to the extent that Plaintiff alleges his conviction was unlawful and he is currently falsely imprisoned, the Court would not be able to award damages unless and until his conviction has been reversed or otherwise

declared invalid. Furthermore, it is futile to name the State of Georgia or the Judge who presided over his criminal proceedings as Defendants in a § 1983 civil action as Plaintiff has presently done. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (explaining that the Eleventh Amendment bar to suit against state applies "regardless of the nature of the relief sought"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that the state and its agencies are not "persons" for the purposes of § 1983 liability); *Allen v. Fla.,* 458 F. App'x 841, 843 (11th Cir. 2012) ("Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction.") (internal citation and quotation marks omitted).

If, after considering all the above, Plaintiff still wishes to pursue a federal action at this time, he must recast his complaint on the proper form. If Plaintiff is challenging his state court conviction and seeks release from prison, he must recast his allegations on the Court's standard § 2254 petition and specifically include all previous challenges he has made to his conviction in the state superior and/or appellate courts of Georgia. Alternatively, if Plaintiff is complaining about the conditions of his confinement and seeks monetary compensation, he should recast his allegations on the Court's standard § 1983 form. Finally, if Plaintiff wants to pursue both a habeas corpus claim pursuant to § 2254 and a § 1983 claim, then he must file separate actions for the different type of claims and pay the filing fees for each. **Plaintiff cannot pursue both a habeas action pursuant to § 2254 and a §1983 action under one civil action number.** Thus, if Plaintiff pursues both types of

actions then he should include this civil action number on only one of the complaint forms and the other complaint form will be assigned a new civil action number. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to choose the federal civil action he intends to pursue and to recast his complaint on the appropriate form as instructed. The recast complaint shall supersede (take the place of) his initial pleadings and this Court will not look back at his prior pleadings to determine whether Plaintiff has an actionable claim.

The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2254 and § 1983 standard forms for Plaintiff's use in complying with this Court Order. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. There will be no service of process in this case until further order of the Court. **Failure to fully and timely comply with this Order may result in the dismissal of this civil action.**

**SO ORDERED**, this 15th day of September, 2026.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE